UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Theresa Lanza | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Jonathan Fuhrman | Jill Teitelbaum |

**Proceedings:** **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
(filed October 5, 2012)

## I. INTRODUCTION

On January 23, 2012, plaintiff Mohammad Hajianpour filed suit in Los Angeles County Superior Court against defendants Synova, Inc. and Does 1–10. Plaintiff asserts five claims for relief under the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 et seq. (FEHA): (1) disability discrimination pursuant to § 12940(a); (2) medical leave discrimination/retaliation pursuant to § 12945.2; (3) retaliation pursuant to § 12940(h); (4) failure to prevent harassment and discrimination pursuant to § 12940(j), (k); and (5) wrongful termination in violation of public policy. On March 1, 2012, defendant removed to this Court. Dkt. No. 1.

On October 5, 2012, defendant filed a motion for summary judgment. Dkt. No. 11. Plaintiff filed an opposition on October 15, 2012. Dkt. No. 12. Defendant replied on October 22, 2012. Dkt. No. 14. The Court held a hearing on November 5, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Defendant Synova is a professional services company that provides, among other things, temporary information technology staffing. Def.'s Separate Statement of Undisputed Facts ("SSUF") 1. When defendant hires an employee to perform work at another company, that person is technically an employee of defendant, but the entity where the employee is working provides day-to-day supervision of that employee's work.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

SSUF 3.[1]  Defendant continues to provide all human resource and payroll functions during the employee's placement.  SSUF 3.  Terri Arrowood, Synova's Business Development Manager, remained plaintiff's main contact throughout this time.  SSUF 33.

In 2005, defendant had a contract with IBM to place defendant's employees at American Express ("Amex") Travel Services data centers.  SSUF 4.  In September of that year, defendant hired plaintiff as its employee, to be placed at an Amex site in Southern California.  See Pl.'s Statement of Genuine Disputes of Material Fact ("PSDF") 1.  Defendant never met face-to-face with plaintiff.  SSUF 31.  Plaintiff's duties at the Amex site included performing quality control checks on computers, upgrading system hardware and software, providing technical support, and performing necessary repairs.  SSUF 10.  Sometime thereafter, Electronic Data Systems ("EDS") assumed management responsibility from IBM for the IT workers at the Amex site.  SSUF 5.  All but two of defendant's employees were released at that time—plaintiff, who worked at Amex in Southern California, and James Zedaker, who worked at an Amex site in Arizona.  SSUF 9.

In May 2009, Hewlett Packard ("HP") purchased EDS and took over management responsibility for defendant's two employees, plaintiff and Zedaker, at the two Amex sites.  SSUF 6.  However, HP engaged yet another party, Pinnacle Technical Resources ("Pinnacle") to manage HP's contingent workforce.  SSUF 6, 14, 15.  Pinnacle does not supervise the day-to-day work of HP's contingent workers, but "assists" in managing HP's contingent workforce.  SSUF 15.  Throughout this time, plaintiff continued to work at the same physical Amex location in Southern California, despite the ever-shifting managerial layers above him.  SSUF 11.

---

[1] The parties dispute the degree to which defendant is plaintiff's full-time, permanent employee, but such characterizations are immaterial to defendant's liability here.  Plaintiff claims that he was offered "regular" employee status by defendant in September 2005, but acknowledges that such "full-time" status was contingent on his being placed at a third-party employer site.  See Pl.'s Statement of Genuine Disputes of Material Fact ("PSDF") No. 1 (citing Depo. of Terri Arrowood 17:8–11, Decl. of Donald Borderlove, Ex. B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

  The parties do not dispute that plaintiff became subject to the HP Standard Services Agreement for Agency Contractor Services, entered into between HP and defendant, once HP took over supervision of plaintiff's daily job functions in May 2009. SSUF 7. Subsequent to HP and defendant entering into this agreement, plaintiff and Zedaker's start dates were "reset" to May 1, 2009. SSUF 13. This agreement sets forth a six-month length of service limitation for HP's temporary workers, with no more than three extensions, for a maximum of two years total service for any temporary employee. SSUF 7. Once an employee has worked in an HP position for two years, he must stop working for at least 100 days to become eligible to work for HP again, unless he is hired directly by HP (rather than remaining defendant's employee). SSUF 8; PSDF 7.

  On May 4, 2010, plaintiff injured his right shoulder while at work. SSUF 34. On June 24, 2010, plaintiff first contacted Arrowood at Synova to inform her of his injury. SSUF 16. After learning of plaintiff's injury, defendant worked with plaintiff to file a workers' compensation claim on his behalf. SSUF 35, 36. Plaintiff began receiving treatment thereafter. Plaintiff continued to work after sustaining his injury, but asked his supervisor at HP, Sharon Cook, for an assistant to help with lifting heavy objects. PSDF 17, 40. Plaintiff never told defendant that he could no longer work or that he needed any accommodations to perform his job, and defendant allegedly did not inquire. SSUF 37, 39; PSDF 37. Plaintiff assumed that because defendant did not control his day-to-day working conditions, it was sufficient to notify his supervisor at HP of his request for an accommodation, who would then forward the information to defendant. PSDF 17. Although plaintiff did not receive his own assistant from HP, he did receive assistance from one of his co-workers at the Amex site. SSUF 42. Plaintiff testified that he made no other requests for accommodations or assistance. SSUF 44.

  Plaintiff tried to schedule all of his medical appointments, including physical therapy appointments, for after the work day because he "felt bad" leaving the Amex site without any technical support. SSUF 48. Every time he did ask for time off to attend to medical needs, his request was granted. SSUF 46. During this time, no one at defendant, HP, or Amex expressed any dissatisfaction with plaintiff's job performance or complain about limitations arising from his injury. SSUF 51.[2]

---

[2] Plaintiff "disputes" this fact by referencing his statement of disputed facts numbers 17, 24, 29. However, all of these facts pertain either to events that took place

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

  On February 8, 2011, plaintiff had surgery on his right shoulder. SSUF 18. Except for a few medical appointments, plaintiff did not take any time off from work. SSUF 52. In addition, neither of plaintiff's doctors informed plaintiff that he needed to take time off prior to his surgery or gave him any work restrictions. SSUF 53, 54. Plaintiff told defendant that he would be out of work for approximately six to eight weeks after his surgery. SSUF 56. Plaintiff never told anyone at Synova, HP, or the Amex site that he would need additional time to recuperate. SSUF 57. On March 2, 2011, defendant inquired as to plaintiff's status, and plaintiff informed defendant that he expected to return to work on April 11, 2011. SSUF 19, 20.

  Also on March 2, 2011, Arrowood inquired about the two-year limitation with her counterparts at Pinnacle, who managed HP's temporary workforce. Joanna Bui of Pinnacle responded that she believed the two-year limitation would apply, but that she would inquire further. SSUF 20. On March 9, 2011, Todd Green of Pinnacle received an email from HP stating that plaintiff's assignment would be ending on April 28, 2012 because of HP's two-year limitation. SSUF 21. No one, however, informed plaintiff about this looming deadline, and the email that Green received was not forwarded to anyone at Synova.

  On April 8, 2012, Green received an email from HP informing him that HP had cancelled plaintiff's assignment, effective immediately. SSUF 22. Green forwarded the email to Arrowood at Synova, who then forwarded the email to plaintiff. SSUF 23, 24. Arrowood asked plaintiff to let her know once he was cleared for work again, so that she could advise him of any other employment opportunities that Synova may have available. SSUF 24. At the time of plaintiff's termination, no one had any reason to believe plaintiff was not just about to return to work from his surgery—plaintiff admits that he never informed anyone at Synova, HP, or Amex otherwise before his termination.. SSUF 58.

  Three days later, on April 11, 2011, Zedaker was informed that he was approaching his expected end date with HP. SSUF 26. Arrowood, who was also Zedaker's manager at Synova, informed Zedaker about the two-year maximum and 100

---

after plaintiff's termination, or relate to plaintiff's notifying his supervisor at HP but not defendant of the limitations caused by his injury. As such, this fact remains undisputed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

day minimum before he could return to work at HP, and also mentioned that "HP could take you on perm[anently] at this point rather than lose your expertise." Decl. Mohammad Hajianpour Ex. E; Arrowood Decl. Ex. A. No one at Synova or HP informed plaintiff about this possibility. PSDF 12. HP declined to make Zedaker a permanent employee, however, and he was terminated on April 21, 2011. SSUF 26.

On October 19, 2011, plaintiff emailed Arrowood informing her that he had just been released to work, and he inquired as to whether defendant had any available positions. SSUF 27. Arrowood informed him that she had no "desktop support" positions available in Southern California at that time. SSUF 27.[3] She informed plaintiff that if anything became available in the future, she would let him know. PSDF 29. Arrowood nor anyone else at Synova ever contacted plaintiff again, and plaintiff did not contact anyone at Synova. SSUF 29. This suit followed.

### III.   LEGAL STANDARD

####    A.   Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

[3] Plaintiff contends that he was also qualified to work in various other employment categories for which he was not offered a position. PSDF 24; Decl. of Hajianpour ¶ 2. Defendant objects to plaintiff's statement in his declaration for two reasons. First, defendant contends that the evidence is irrelevant because plaintiff never informed Arrowood that he was willing to locate outside of Southern California, where these other positions were located for which plaintiff was purportedly qualified. Second, defendant argues that plaintiff lacks foundation as to whether he could have performed these other positions. Def.'s Obj. to Evid. at 2. The Court sustains these objections. Other than this self-serving statement, plaintiff offers no evidence that he knows what qualifications are required to perform these jobs or that he is qualified to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. ANALYSIS

Defendant moves for summary judgment on two principal grounds. First, defendant argues that as plaintiff's "general" employer, it is only liable for any discrimination about which it knew of or should have known about. Second, defendant attacks each of plaintiff's claims as lacking in any evidentiary support.

### A. Plaintiff's Joint Employment Relationship

Under California law, "[a] 'special employment' relationship arises when an employer lends an employee to another employer and relinquishes to the borrowing employer all right of control over the employee's activities." Riley v. Sw. Marine, Inc., 203 Cal. App. 3d 1242, 1247 (1988). The employee thus has two employers: a "special" employer where the employee works day-to-day, and a "general" employer who provides

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

other supervision, like HR support and payroll services. Id. For an employee bringing a discrimination claim, "both the staffing agency and its client are treated as the employer." Mathieu v. Norrell Corp., 115 Cal. App. 4th 1174, 1184 (2004). An employee can thus seek redress from either party. Id.

Although unclear, plaintiff appears to argue that he is only an employee of defendant, not of HP, or that in the alternative, questions of fact remain as to whether there was a joint employment relationship. Opp'n at 7. The Court finds this argument unavailing. Although determining the contours of an employee's employment relationship is question of fact, such a determination can be made on a motion for summary judgement where neither the evidence nor the inferences are in conflict. Reily, 203 Cal. App. 3d at 1248. Whether another entity exercised "some measure of control over the employee" is the most important factor. Brassinga v. City of Mountain View, 66 Cal. App. 4th 195, 216 (1998). Plaintiff here does not dispute that defendant was responsible only for payroll and HR matters, and that HP otherwise controlled every aspect of plaintiff's day-to-day work at the Amex site, including the manner and means of plaintiff's employment. As such, the Court finds that a dual employment relationship exists here as a matter of law.

As a joint employer, defendant is only properly held liable for any discriminatory conduct which it participated in, knew about, or in the exercise of reasonable care should have known about. See Mathieu v. Norrell Corp., 115 Cal. App. 4th 1174, 1184 (2004); Caldwell v. ServiceMaster Corp., 966 F. Supp. 33, 46 (D.D.C. 1997) ("To prevail on a theory of joint employer liability, a plaintiff must show that the defendant knew or should have known of the discriminatory conduct. . .") (applying federal law).[4] See also Chin et al., Cal. Practice Guide: Employment Litigation Ch. 7, ¶¶ 7:45, 7:170 (The Rutter Group 2011). Only if defendant had or should have had knowledge of any alleged discrimination is it fair to hold one joint employer liable for the conduct of another joint employer.

---

[4] See Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 354 (2000) ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying [California] statutes.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

    **B.    Plaintiff's Discrimination Claims**

    To establish a prima facie case for discrimination on the basis of a physical disability under California law, plaintiff must show: "(1) he suffers from a disability, (2) he is otherwise qualified to do his job, (3) he suffered an adverse employment action, and (4) the employer harbored discriminatory intent." Avila v. Cont'l Airlines, Inc., 165 Cal. App. 4th 1237, 1246, 82 Cal. Rptr. 3d 440, 448 (2008).[5] In addition, California has adopted the three-stage burden shifting test of McDonnell Douglas v. Green, 411 U.S. 792 (1973). Once the plaintiff has made a prima facie showing, "the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action." Deschene v. Pinole Point Steel Co., 76 Cal. App. 4th 33, 44 (1999). If the employer offers such a reason, "plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated." Id.[6]

    **1.    Plaintiff's Prima Facie Case of Discrimination**

    Under FEHA, a person is considered "physically disabled" if the individual, *inter alia*:

    [1] Has a physiological condition that both (a) affects a specific bodily system and (b) limits a major life activity. . . or [2] Is regarded or treated by the individual's employer as having, or having had, any condition that makes achievement of a

---

    [5] The parties do not dispute that plaintiff suffered an adverse employment action by virtue of his termination, and that plaintiff was otherwise qualified to perform the work in question.

    [6] McDonnell Douglas burden-shifting is inapplicable where a plaintiff offers direct, as opposed to circumstantial, evidence of discrimination. See Trop v. Sony Pictures Entm't Inc., 129 Cal. App. 4th 1133, 1144 (2005). However, plaintiff does not credibly contend that he offers "direct" evidence of discrimination here; that plaintiff was terminated while he was taking medical leave is circumstantial evidence, like the remainder of plaintiff's evidence in support of his claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

major life activity difficult, or as having, or having had, a physiological condition that is not presently disabling, but that may become so.

Gelfo v. Lockheed Martin Corp., 140 Cal. App. 4th 34, 46, 43 Cal. Rptr. 3d 874, 883 (2006). In addition, "to show that [a defendant] acted with discriminatory intent, a plaintiff [is] required to produce evidence that the [defendant's] employees who decided to discharge him knew of his disability." Avila, 165 Cal. App. 4th at 1248. Unless the defendant's employees knew or should have known about plaintiff's disability or perceived disability, they cannot be said to have acted with discriminatory intent.

Defendant argues that plaintiff has not offered any evidence to support his claim that he was disabled or perceived as disabled by defendant. Defendant notes that plaintiff testified that he did not tell anyone at Synova, HP, or Amex that he would need additional time beyond the April 11, 2011, date he initially relayed to Arrowood to recover from his March 2011 shoulder surgery. Depo. of Mohammad Hajianpour 163:23–164:19, SSUF 58. As such, defendant argues that when plaintiff was terminated, he did not give anyone at Synova reason to believe that he was not recuperating from his surgery and just about to return to work. SSUF 57. Because plaintiff was expected to fully recover, no one perceived him to be disabled. In addition, plaintiff testified that he never felt discriminated against because of his injury before his termination. SSUF 63; Hajianpour Depo. 145:8-24. Without any pre-termination discrimination by defendant or HP's employees, defendant argues that plaintiff could not possibly be "retaliated" against either.

In response, plaintiff argues that because "working" is a major life activity, his shoulder injury qualifies as a disability under California law, citing Gelfo. In support of this contention, plaintiff notes that he requested assistance from his supervisor at HP for the lifting of heavy objects after his injury in May 2010, and that he presumed this information would be conveyed to his manager at Synova. Opp'n at 16. This, in plaintiff's view is sufficient to impute knowledge to defendant regarding his shoulder injury, and thereby to create the appearance that defendant perceived him to be disabled at the time of his termination. Id.

The Court finds that plaintiff's evidence is sufficient to raise a triable issue of fact as to whether he was disabled or defendant perceived him to be disabled. Taking the evidence in the light most favorable to plaintiff, before his termination, defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

employees knew that his shoulder had been injured, that he had informed his manager that he needed assistance with certain heavy-lifting at work, and that plaintiff was likely to return to work in April. Based on these facts, a jury could rationally find that defendant perceived plaintiff to suffer from a physical disability that would limit his ability to work. For example, because plaintiff had not yet returned from his shoulder surgery, a jury could find that defendant presumed him to be at least partially disabled, such that his services would no longer be desired at Synova or HP. Although HP was the entity that made the termination decision, defendant does not dispute that both it and HP had knowledge of plaintiff's injury. As such, triable issues of fact remain as to whether defendant perceived plaintiff to be disabled.

Next, defendant argues that there is no direct or circumstantial evidence that plaintiff was terminated "because of" his shoulder injury, or stated otherwise, that defendant harbored discriminatory intent towards plaintiff. Opp'n at 13. Defendant notes that plaintiff testified that he never felt discriminated against because of his injury until after he was terminated, and that the timing of plaintiff's termination standing alone is insufficient to establish a circumstantial case of discrimination. Plaintiff responds that he offers direct and circumstantial evidence of discrimination. First, plaintiff was taking protected medical leave at the time of his termination. Second, plaintiff argues that defendant treated Zedaker, a similarly situated employee who was not suffering any injury, differently than plaintiff.

The Court agrees with plaintiff—viewing the evidence in the light most favorable to him, disputed issues of fact remain as to whether plaintiff was terminated because of his disability. First, as discussed in more detail *infra*, plaintiff offers evidence that Synova treated Zedaker—an employee who was similarly situated in relation to plaintiff—differently when HP's two-year employment limit was approaching. A jury could rationally infer from this evidence that plaintiff was treated differently because of his physical impairment. In addition, because Synova was aware of plaintiff's injury and did not know for certain what plaintiff's prognosis was, plaintiff's termination during his medical leave potentially raises an inference that plaintiff was terminated because of his disability (or perceived disability). A jury could rationally find that HP terminated plaintiff because of his injury, and that Synova was on notice of this allegedly discriminatory termination. See, e.g., Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 297, 314 (2010) (finding that because employer had knowledge of disability, plaintiff could potentially demonstrate to a fact finder that he was terminated because of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

disability). That plaintiff never complained of any discrimination to anyone at HP or Synova prior to his termination does not alter this conclusion, because a rational trier of fact could still determine that plaintiff's termination was the result of discrimination—regardless of whether such discrimination ever took place before.

> **2.     Defendant's Nondiscriminatory Rationales and Plaintiff's Response**

Defendant argues that even if the Court finds that plaintiff has presented a prima facie case, defendant had a legitimate, nondiscriminatory reason for terminating plaintiff and there is no evidence of pretext. Mot. at 14. In particular, defendant argues that plaintiff has not disputed that HP has a two-year limitation for all its contingent employees, pursuant to the contract it signed with Synova; that defendant was aware of this policy and communicated with HP representatives regarding the policy a month before plaintiff's termination; and that the decision to terminate plaintiff originated from HP, shortly before the end of plaintiff's two-year employment period. In addition, once HP decided to terminate plaintiff's employment, defendant argues that its policy is to terminate the employee as well, unless and until that person is placed with another employer. Defendant also offers evidence of Zedaker's nearly simultaneous termination, which plaintiff does not dispute was effected pursuant to HP's two-year employment limitation, as proof of its own and HP's lack of discriminatory motive.

Because defendant has offered plausible, nondiscriminatory rationales for plaintiff's termination, the burden shifts to plaintiff to produce evidence of pretext. "[T]he employee must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted nondiscriminatory reasons." Sandell, 188 Cal. App. 4th at 314 (citations and alterations omitted). Summary judgment may be appropriate where "given the strength of the employer's showing of innocent reasons, any countervailing circumstantial evidence of discriminatory motive, even if it may technically constitute a prima facie case, is too weak to raise a rational inference that discrimination occurred." Guz, 24 Cal. 4th at 362.

The Court finds that plaintiff has made a sufficient showing of inconsistency here to present his case to a jury. At least a potential "rational inference" remains that plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

was discriminated against because of his injury. First, plaintiff notes that prior to his termination, it is undisputed that no one at HP or Synova ever communicated with plaintiff about the two-year limitation. Plaintiff first learned of the two-year limit on the day he was terminated. In addition, plaintiff notes that during Arrowood's communication with Zedaker, she mentioned a policy whereby Zedaker could return in 100 days to his assignment with HP, and that Zedaker may be able to retain his position at HP if HP was willing to convert him to a full-time HP employee. Opp'n at 20. Neither of these possibilities was ever communicated to plaintiff. Although Zedaker was subsequently terminated pursuant to the same two-year policy, plaintiff argues he was treated differently because of his disability. Taken as a whole, a trier of fact could potentially discount defendant's proffered rationale and find that plaintiff has presented sufficient evidence that defendant terminated plaintiff because of plaintiff's perceived or actual disability. Accordingly, summary judgment is inappropriate on this claim.[7]

### 3. Claims for Medical Leave Discrimination, Wrongful Termination in Violation of Public Policy, and Failure to Prevent Discrimination

For similar reasons, the Court finds that triable issues of fact preclude a grant of summary judgment on plaintiff's claims for medical leave discrimination, wrongful termination in violation of public policy, and failure to prevent discrimination. Plaintiff's theory supporting these claims is essentially identical to his theory supporting his claim

---

[7] As part of plaintiff's claim for intentional disability discrimination, he appears to allege that defendant failed to engage in good faith in the "interactive process" or to accommodate his disability, conduct that is prohibited by Cal. Gov't Code § 12940(n). Regardless of whether plaintiff intended this allegation to state a separate claim for relief or not, the Court finds that summary judgment is appropriate for defendant on this issue. Plaintiff admitted that the only person he ever sought assistance with his work from was his supervisor *at HP, not Synova*. Under the plain terms of § 12940(n), only when an employer refuses to engage in an interactive process "*in response to a request* for a reasonable accommodation" may the employer be held liable (emphasis added). Because plaintiff admittedly never made such a request to Synova, he is unable to state a separate claim under § 12940(n) for failure to engage in an interactive process or for failure to accommodate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

for disability discrimination—defendant, in concert with HP, terminated his employment because of his physical disability, while he was on approved medical leave. In response, defendant argues that the same legitimate reasons for plaintiff's termination discussed previously also bar plaintiff's claim here. On plaintiff's claim for failure to prevent discrimination, for example, disputed issues of fact remain as to whether upon learning of plaintiff's termination from HP, which occurred during plaintiff's protected medical leave, defendant should have done more to assist plaintiff in finding a new placement. Accordingly, the Court finds that triable issues of fact preclude a grant of summary judgment in defendant's favor on these claims as well.

### C. Claim for Retaliation

To establish a prima facie case of retaliation under FEHA section 12940(h), an employee must demonstrate that "[1] she engaged in a protected activity, [2] she was thereafter subjected to adverse employment action by her employer and [3] there was a causal link between the two." Mathieu, 115 Cal. App. 4th at 1185.

The Court finds that triable issues of fact preclude a grant of summary judgment for defendant on this claim. As Mathieu held, an general employer can be liable for retaliation "by failing to attempt to place [the plaintiff] in a comparable position elsewhere after [his] discharge by [his special employer]." 115 Cal. App. 4th at 1186. Here, a jury could find that defendant had an obligation to place plaintiff in a comparable position after his discharge by HP. One possible chain of inferences is as follows. First, defendant knew plaintiff was unable to work at the time of his termination. With this knowledge in mind, a jury could rationally find that Synova should have known that HP's reasons for terminating plaintiff were pretextual—that HP was instead motivated by plaintiff's extended medical leave in making its decision to terminate when it did, rather than its two-year employment policy. As noted, plaintiff was terminated nearly a month prior to the two-year period coming to an end. As such, a jury could find that defendant had an obligation to assist plaintiff in obtaining comparable employment elsewhere once he was able to work again, based upon defendant's actual or imputed knowledge of HP's allegedly discriminatory termination, and the jury could find that defendant failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

carry out this obligation in good faith.[8] Or the jury could find otherwise—but that's precisely the issue. What Synova knew or suspected at the time plaintiff was discharged raises a genuine issue of material fact that precludes summary judgment on plaintiff's retaliation claim.

### D. Punitive Damages

To recover punitive damages, plaintiff must show by clear and convincing evidence that defendant is guilty of "fraud, oppression, or malice," Cal. Civil Code § 3294(a), or conducted itself in such a way that is "so vile, base, contemptible, miserable, wretched, or loathsome that it would be looked down upon and despised by ordinary decent people," Mathieu, 115 Cal. App. 4th at 1191 (affirming grant of summary judgment on punitive damages in favor of employer) (citation omitted). Clear and convincing evidence in this context is evidence "sufficiently strong to command the unhesitating assent of every reasonable mind." Id. In addition, under section 3294(b), corporate punitive damages liability may only be based upon the conduct of "those employees who exercise substantial independent authority and judgment over decisions that ultimately determine corporate policy." White v. Ultramar, Inc., 21 Cal. 4th 563, 573 (1999). Neither of these requirements for an award of punitive damages are met here.

Plaintiff offers no allegations—and more importantly, no evidence—that any of defendant's employees involved in his termination decision "exercis[ed] substantial discretionary authority over decisions that ultimately determine corporate policy," id. at 577. Plaintiff's theory appears to be that Arrowood ratified HP's allegedly discriminatory conduct by terminating his employment with Synova on the same date as his termination from HP, and by not assisting him in obtaining comparable employment. However, plaintiff offers no evidence that Arrowood exercised any control over Synova's corporate policy. In fact, defendant offers evidence that Arrowood terminated plaintiff's employment with Synova as a matter of course, after HP made the decision to discharge him from its employ. See Decl. of Arrowood, ¶ 17; Decl. of Timothy Manney ¶ 3. While this decision may subject defendant to liability if a jury finds its termination decision to

---

[8] It does not appear that Synova had any duty to assist plaintiff in obtaining new employment unless it knew or should have known that plaintiff was initially terminated by HP based on an impermissible discriminatory rationale, facts that remains in dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1765-CAS (RZx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | MOHAMMAD HAJIANPOUR V. SYNOVA, INC. | | |

be discriminatory, it does not lend itself to the inference that Synova's decision was made by someone who "ultimately" determines corporate policy. For this reason alone, plaintiff has not demonstrated by clear and convincing evidence his entitlement to seek punitive damages.

Moreover, plaintiff has offered no evidence that defendant engaged in malicious or oppressive conduct here. Plaintiff contends that the fact that he was allegedly ignored when he sought help from his supervisor and not reinstated when he was released is sufficient to justify an imposition of punitive damages, but plaintiff's argument is unavailing. Opp'n at 28. Plaintiff's allegations that he sought help from HP does nothing to demonstrate that *defendant* acted maliciously towards him or otherwise ignored him; in fact, defendant assisted plaintiff with filing a workers' compensation claim and followed up with him regarding the progress of his surgery. Plaintiff's showing does not present "clear and convincing" evidence that defendant acted with malice or oppression, particularly given defendant's explanation for his termination; therefore, plaintiff is not entitled to punitive damages as a matter of law.

**V.    CONCLUSION**

In accordance with the foregoing, defendant's motion for summary judgment is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

| | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |